DAVID I. KORNBLUH, ESQ., SBN 162310
AUTUMN E. CASADONTE, ESQ., SBN 242887
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110-1339
Telephone: (408) 292-1765
Facsimile: (408) 436-8272

Attorney for Plaintiff
PHYLLIS ARLEEN CASTROVINCI

FILED

08 MAR 27 P 3:30

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
N. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C08 01678 PVT

| | |
|---|---|
| PHYLLIS ARLEEN CASTROVINCI, | Case No.: |
| Plaintiff, | COMPLAINT FOR DISABILITY INSURANCE BENEFITS, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING |
| vs. | |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee corporation, | |
| Defendant. | |

Plaintiff PHYLLIS ARLEEN CASTROVINCI alleges as follows:

**PARTIES**

1.  Plaintiff is, and at all times mentioned in this Complaint has been, a citizen of the State of California and a resident of Santa Clara County, California.

2.  Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("PROVIDENT") is now, and at all times mentioned in this Complaint has been, a corporation incorporated under the laws of the State of Tennessee, having its principal place of business in 1 Fountain Square, Chattanooga, Tennessee 37402.

///

///

///

1

COMPLAINT FOR DISABILITY INSURANCE BENEFITS, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

## JURISDICTION

3. The jurisdiction of this court over the subject matter of this action is based on Title 28 of United States Code section 1331. This Complaint is to recover benefits due under the terms of an ERISA Plan.

## VENUE

4. The claim for recovery of disability payments arose in this District.

## FIRST CAUSE OF ACTION

### [Breach of Contract]

5. Plaintiff hereby realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 4, inclusive, of its Complaint, as though fully set forth herein.

6. On or about October of 1997, Plaintiff, PHYLLIS ARLEEN CASTROVINCI, began working for Camino Medical Group ("CMG") as a Medical Assistant. As part of her employment with CMG, Plaintiff became an insured under a written policy of disability insurance ("Disability Policy"), policy number 125901-1, issued by Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("PROVIDENT").

7. The Disability Policy provided that if Plaintiff should become disabled while the policy was in force and effect, and if such disability would prevent Plaintiff from performing all of the "important duties" associated with her occupation, PROVIDENT would pay Plaintiff the agreed monthly benefits for her occupation.

8. In 1992, Plaintiff was first diagnosed with Multiple Sclerosis.

9. On or about February 5, 2005, Plaintiff's Multiple Sclerosis first affected her ability to work. Plaintiff was required to take leave from CMG in February 2005 after no longer being able to continue in her normal occupation.

10. As her disability continued, Plaintiff's leave from CMG was extended numerous times. After extending Plaintiff's leave from August 2005 to February 17, 2006 and finally to April 30, 2006, CMG terminated Plaintiff's employment on June 7, 2006.

///

11. On or about September 25, 2005, Plaintiff submitted a Long Term Disability Claim to PROVIDENT pursuant to the Disability Policy, and has otherwise performed all of the terms and conditions of the Disability Policy on her part to be performed.

12. PROVIDENT approved Plaintiff's request for benefits on January 23, 2006 and initially began making disability payments.

13. On September 26, 2007, PROVIDENT informed Plaintiff that it would stop paying benefits to Plaintiff because it determined that she should be able to perform three other "sedentary," non-medical occupations, despite Plaintiff's doctor's determination that Plaintiff was disabled and unable to return to work, and without ever examining Plaintiff.

14. As of September 2007, PROVIDENT has refused to pay, and continues to refuse to pay, monthly benefits to Plaintiff pursuant to the Disability Policy.

15. Plaintiff appealed the decision on November 28, 2007, within the 180-day window provided by the Disability Policy. Pursuant to the Disability Policy, PROVIDENT must respond to an appeal within 45 days unless it is determined that special circumstances require an extension of time for another 45 days. On January 11, 2008, PROVIDENT determined it needed an additional 45 days within which to respond to Plaintiff's appeal. However, as of the filing of this Complaint, PROVIDENT failed to provide any response.

16. As a legal result of PROVIDENT'S breach of contract and failure and refusal as herein alleged, Plaintiff has been damaged in an amount according to proof, together with interest thereon at the legal rate from the date payment should have been paid under the terms of the policy, until paid.

WHEREFORE, Plaintiff prays for judgment against PROVIDENT as hereinafter set forth.

### SECOND CAUSE OF ACTION

### [Breach of Covenant of Good Faith and Fair Dealing]

17. Plaintiff hereby realleges and incorporates by this reference, each and every allegation contained in Paragraphs 1 through 16, inclusive, of its Complaint, as though fully set forth herein.

COMPLAINT FOR DISABILITY INSURANCE BENEFITS, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

18. The Disability Policy contains a duty of good faith and fair dealing between PROVIDENT and Plaintiff.

19. PROVIDENT'S construction of the terms of the Disability Policy to prevent Plaintiff from obtaining the benefits of the policy is a breach of the covenant of good faith and fair dealing. PROVIDENT, in bad faith, denied all benefits to Plaintiff, despite Plaintiff's treating physician determining that she is disabled and without ever examining Plaintiff. PROVIDENT also failed to respond to Plaintiff's appeal in a timely manner, breaching the covenant of good faith and fair dealing.

20. As a direct and legal result of PROVIDENT'S breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount according to proof, together with interest thereon at the legal rate from the date payment should have been paid under the terms of the policy, until paid.

WHEREFORE, Plaintiff prays for judgment against PROVIDENT as follows:

**PRAYER**

1. For damages consisting of monthly benefit payments from September 2007 through date of judgment, together with interest;

2. For continued benefits according to the Disability Policy;

3. For attorneys' fees;

4. For costs of suit incurred herein; and

5. For such other and further costs as the court deems just and proper.

Dated: March 27, 2008        MILLER, MORTON, CAILLAT & NEVIS, LLP

By: _____
DAVID I. KORNBLUH
Attorneys for Plaintiff PHYLLIS ARLEEN CASTROVINCI

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.NewLitigationLibrary:33861.1

4

COMPLAINT FOR DISABILITY INSURANCE BENEFITS, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
PHYLLIS ARLEEN CASTROVINCI

**DEFENDANTS**
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee corporation

(b) County of Residence of First Listed Plaintiff  Santa Clara County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DAVID I. KORNBLUH (SBN 162310) (dik@millermorton.com)
Miller, Morton, Caillat & Nevis, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
408-292-1765   Fax: 408-436-

Attorneys (If Known)

**C08 01678 PVT**

ADR  E-FILING

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury — Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331
Brief description of cause:
Complaint for Disability Benefits; Breach of contract; Breach of Covenant of Good Faith and Fair Dealing

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: March 27, 2008

SIGNATURE OF ATTORNEY OF RECORD: *A. Casadonte*

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.