1  THOMAS M. HERLIHY (SBN 83615)
   FRANCIS J. TORRENCE (SBN 154653)
2  **WILSON, ELSER, MOSKOWITZ,**
      **EDELMAN & DICKER LLP**
3  525 Market Street, 17th Floor
   San Francisco, California 94105-2725
4  Telephone:   (415) 433-0990
   Facsimile:   (415) 434-1370
5
6  Attorneys for Defendant,
   PROVIDENT LIFE AND ACCIDENT
   INSURANCE COMPANY
7

8

9                 **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

| | | |
|---|---|---|
| PHYLLIS ARLEEN CASTROVINCI, | ) | Case No.: C08-01678 JW |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN SUPPORT OF** |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| PROVIDENT LIFE AND ACCIDENT | ) | Date:  June 30, 2008 |
| INSURANCE COMPANY, a Tennessee | ) | Time: 9:00 a.m. |
| corporation, | ) | Dept.: 8 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Provident Life and Accident Insurance Company ("Provident") submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's complaint against it for failure to state a claim upon which relief may be granted.

                         **I.**

             **INTRODUCTION**

      The instant action arises from plaintiff Phyllis A. Castrovinci's claim for disability benefits submitted under an employee welfare benefit plan maintained by her employer.  Plaintiff concedes

1   in the third paragraph of her complaint that her claims are governed by the provisions of the

2   Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. ("ERISA").

3   Despite this concession, her complaint contains two state common law claims for relief: a

4   first claim for relief entitled Breach of Contract (paragraphs 5 – 16) and a second claim for breach

5   of the covenant of good faith and fair dealing ("bad faith") (paragraphs 17- 20).  These claims are

6   state common law causes of action which allege a breach of the insurance policy that provides the

7   disability benefits.

8   By this motion, Provident demonstrates that because the policy at issue is governed by

9   ERISA.  Further, it is well established that ERISA preempts such duplicative common law claims

10  which seeks the relief intended to be provided by ERISA.  *See Aetna Health Inc. v. Davila,* 542

11  U.S. 200, 209, 124 S.Ct. 2488, 2495 (2004) and *Bui v. AT &T,* 310 F.3d 1143, 1148 (9th Cir.

12  2002)("ERISA precludes state law claims predicated on the denial of benefits.")  ERISA also

13  preempts plaintiff's bad faith claim.

14  Therefore, plaintiff has failed to claims upon which relief can be granted.  Hence, the

15  breach of contract and bad faith claims are subject to dismissal under Federal Rule of Civil

16  Procedure 12(b)(6) and any amendment would be futile.  Provident brings the instant motion under

17  F.R.C.P. 12(b)(6) requesting that the breach of contract and bad faith claims be dismissed.

## II.

### STATEMENT OF ISSUES TO BE DECIDED

Whether plaintiff's first and second claims for relief for breach of contract and bad faith,
which seek an award of plan benefits, are preempted by ERISA and subject to dismissal under
F.R.C.P. 12(b)(6).

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff alleges that she was formerly employed by Camino Medical Group ("CMG"), as a "Medical Assistant."  (Complaint, par. 6, attached for the Court's convenience to the Torrence Declaration filed in support of Motion as Exhibit A.)  Plaintiff further alleges that she enrolled in the group disability insurance program provided to CMG employees and was entitled to coverage under Group Policy Number 125901-1. (*Id.*)  Defendant Provident issued the policy at issue.  (*Id.*)  Plaintiff received long term disability benefits under the Policy, between January 2006 and September 2007.  (Complaint, pars. 12-13)  On September 27, 2007, Provident notified plaintiff that her claim for long term disability benefits would be terminated. (Complaint, par. 15.)  Plaintiff contends that she is entitled to long term disability benefits under the Policy.  (Complaint, pars. 15, 16.)   Plaintiff concedes that the disability benefits she seeks are governed "under the terms of an ERISA plan."  (Complaint, paragraph 3.)

Plaintiff's Complaint alleges two claims for relief via state court causes of action.  The first claim is entitled, "Breach of Contract."   The second claim for relief is entitled, "Breach of Covenant of Good Faith and Fair Dealing."

### IV.

### LEGAL ARGUMENT

**A.    The Motion To Dismiss Standard**

A motion to dismiss under F.R.C.P. 12(b)(6) tests the sufficiency of the complaint.  *See Harper v. Poway Unified School Dist.*, 345 F.Supp.2d 1096, 1102 (S.D. Cal. 2004).  "Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory."  *Harper, supra,* 345 F.Supp.2d at 1102; *see also Whitehall v. City of Santa Rosa,* 2004 U.S. Dist. LEXIS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Case No.: C08-01678 JW

353130.1

21453, at p. 5 (N.D. Cal. October 19, 2004) ("Dismissal is proper if the complaint fails to allege either a cognizable legal theory or sufficient facts under a cognizable legal theory.")

In the instant case, the Complaint fails to state a cognizable legal theory for breach of contract and bad faith. These claims for relief allege state law causes of action for breach which seeks to recover benefits under the ERISA governed plan sponsored by CMG. Such state common law causes of action are preempted by ERISA as a matter of law. For this reason, Provident requests that plaintiff's claims be dismissed under F.R.C.P. 12(b)(6) and that the action proceed as an action based on ERISA only.

Finally, leave to amend plaintiff's claims should be denied. As set forth more fully below, separate state law breach of contract and bad faith claims cannot be stated under the facts as alleged in the Complaint because such claims are preempted by ERISA. Leave to amend is properly denied when ruling on a motion to dismiss where the amendment would be futile. *See Whitehall v. City of Santa Rosa,* 2004 U.S. Dist. LEXIS 21453, at p. 6 (N.D. Cal. October 19, 2004).

**B.    The Breach Of Contract And Bad Faith Claims Fails To State Claims Upon Which Relief Can Be Granted Because They Are Preempted By ERISA.**

In this action, plaintiff seeks to recover disability benefits under an admittedly ERISA governed employee welfare benefit plan. This is evident from the face of the Complaint based upon plaintiff's own allegations. Plaintiff's breach of contract claim alleges that the agreement breached is the insurance contract providing the benefits to covered employees. The bad faith claim is premised apparently upon a tortious denial of contract benefits. These claims are preempted by ERISA and subject to dismissal.

"Extensive case law establishes that the scope of ERISA preemption is extremely broad." *Hyder v. Kemper National Services,* 390 F.Supp.2d 915, 918 (N.D. Cal. 2005).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No.: C08-01678 JW
353130.1

As explained by the United States Supreme Court, "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive preemption provisions . . . " *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S.Ct. 2488, 2495 (2004). ERISA includes an integrated system of procedures for enforcement (i.e., 29 U.S.C. Section 1132(a)) which is "essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *See id.* "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 2495.

As similarly explained by the Ninth Circuit:

> "A denial of benefits involves an administrative decision regarding coverage. Under any of the tests for determining ERISA preemption applied by this court, it is clear that ERISA preempts suits predicated on administrative decisions. Subjecting such decisions to an individual state's laws would subvert the intent of Congress to allow for the uniform administration of ERISA benefits in three ways: by requiring administrators to follow many state laws instead of one federal law; by interfering with the relationship between ERISA administrators and beneficiaries; and by providing an alternative enforcement mechanism for beneficiaries to obtain benefits. Thus, ERISA precludes state law claims predicated on the denial of benefits."

*Bui v. AT & T,* 310 F.3d 1143, 1147-1148 (9th Cir. 2002)(emphasis added).

Where plaintiffs bring suit to rectify a wrongful denial of benefits under an ERISA plan (as plaintiff does here) and do not attempt to remedy any violation of a legal duty independent of ERISA, the United States Supreme Court holds that the state causes of action fall within the scope of ERISA and are completely preempted by ERISA Section 502. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 214, 124 S.Ct. 2488, 2498.

ERISA undeniably preempts state common law causes of action such as a breach of contract claim. *See Blau v. Del Monte Corp.,* 748 F.2d 1348, 1356 (9th Cir. 1984). More specifically, "[i]f a claim alleges a denial of benefits, ERISA preempts it." *Bui v. AT & T,* 310

F.3d 1143, 1147 (9th Cir. 2002); *see also California Pacific Medical Center v. Concentra Preferred Systems, Inc.,* 2004 U.S. Dist. LEXIS 21389, at p. 10 (N.D. Cal. Oct. 15, 2004)("a plaintiffs state law claim that merely seeks an alternative enforcement mechanism of an ERISA provision is preempted.")

To avoid ERISA preemption, a plaintiff's claim must exist even without the defendants' failure to pay the benefit. *See California Pacific Medical Center, supra,* 2004 U.S. Dist. LEXIS 21389, at p. 11. This is not true in the instant case.

Plaintiff clearly premises her breach of contract claim on Provident's decision to terminate her disability benefits. As Provident points out, and as plaintiff concedes, the disputed benefits are governed by ERISA because the Policy constitutes an employee welfare benefit plan. Further, plaintiff's state law causes of action duplicate, supplement, or supplant the ERISA civil enforcement remedy. The remedy (plan benefits) which plaintiff seeks are available pursuant to 29 U.S.C Section 1132.

District courts within the Ninth Circuit have held that state law claims alleged in actions seeking ERISA benefits, such as plaintiff's claims here, are subject to dismissal under Rule 12(b)(6) because the state law claims are preempted by ERISA. *See Hyder, supra,* 390 F.Supp.2d 915, 917-918 (N.D. Cal. 2005) (holding that plaintiff's state law claims for breach of the duty of good faith and fair dealing and breach of contract arising from the denial of ERISA benefits were "completely preempted" and granting a motion to dismiss those claims) and *California Pacific Medical Center, supra,* 2004 U.S. Dist. LEXIS 21389, at pp. 6-7 and 18-20. *See also Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 494 (9th Cir. 1988), cert. denied, 492 U.S. 906 (1989) (holding plaintiff's common law causes of action for breach of contract, breach of the duty of good faith and fair dealing, and statutory cause of action for unfair insurance practices under the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No.: C08-01678 JW
353130.1

California Insurance Code were preempted by ERISA) and *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) (holding plaintiff's causes of action for breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and violations of the Arizona Insurance Code were preempted by ERISA).

Based on ample authority cited above, plaintiff can state no cognizable legal theory for breach of contract and breach of the covenant of good faith and fair dealing.  Her claims as set forth in the complaint allege a breach of the insurance policy providing the long term disability benefits under the Policy which is undisputably subject to ERISA and alleges an entitlement to those plan benefits.  ERISA preempts her state law claims and therefore they should be dismissed.

**V.**

**CONCLUSION**

Plaintiff's Complaint alleges that she is entitled to long term disability benefits under a Group Disability Policy which is indisputably part of an employee welfare benefit plan governed by ERISA.  Plaintiff has attempted to state a common law breach of contract and bad faith claims premised on the termination of disability benefits.  Because her claims are preempted, they should be dismissed.

Plaintiff will not be prejudiced by the dismissal of her claims because plaintiff has a remedy under ERISA.  If plaintiff prevails on the ERISA claim, she will be awarded the disability benefits to which she is entitled.  Moreover, dismissal of these claims for relief will simplify the issues to be resolved by motions for summary judgment and/or trial.

\\\

\\\

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No.: C08-01678 JW
353130.1

1        For these reasons, Provident respectfully requests that its Motion to Dismiss plaintiff's

2   breach of contract and bad faith claims be granted, that the action proceed only under ERISA and

3   that plaintiff's recovery be limited only to the relief specifically allowed under ERISA.

4

5

6

Dated: May 16, 2008

7

8                  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

9

10  By:_____/S/_____
                Francis Torrence

11              Attorneys for Defendant
                PROVIDENT LIFE AND ACCIDENT

12              INSURANCE COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Case No.: C08-01678 JW

353130.1