THOMAS M. HERLIHY (SBN 83615)
FRANCIS J. TORRENCE (SBN 154653)
**WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendant,
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS ARLEEN CASTROVINCI,<br><br>           Plaintiff,<br><br>vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee corporation,<br><br>           Defendant. | Case No.: C08-01678 JW<br><br>**DECLARATION OF FRANCIS TORRENCE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:  June 30, 2008<br>Time: 9:00 a.m.<br>Dept.: 8 |

I, FRANCIS TORRENCE, declare as follows:

1. I am an attorney at law, over the age of 21 years, with the firm Wilson, Elswer, Moskowitz, Edelman & Dicker, and am counsel for Defendant Provident Life and Accident Insurance Company ("Defendant"). I am licensed to practice in all courts in the State of California and have personal knowledge of the facts stated herein, and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. I submit this declaration in support of Defendant's Motion to Dismiss.

3. Attached hereto for the Court's convenience, as Exhibit A, is a true and correct copy of plaintiff's Complaint on file in this case.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct. Executed this 16th day of May, 2008, at San Francisco, California.

_____
Francis Torrence

2

DECLARATION OF FRANCIS TORRENCE IN SUPPORT OF MOTION TO DISMISS
Case No.: C08-01678 JW
353317.1

# EXHIBIT "A"

```
 1  DAVID I. KORNBLUH, ESQ., SBN 162310
    AUTUMN E. CASADONTE, ESQ., SBN 242887
 2  MILLER, MORTON, CAILLAT & NEVIS, LLP
    25 Metro Drive, 7th Floor
 3  San Jose, CA  95110-1339
    Telephone: (408) 292-1765
 4  Facsimile: (408) 436-8272

 5  Attorney for Plaintiff
    PHYLLIS ARLEEN CASTROVINCI
```

ORIGINAL FILED
08 MAR 27 PM 3:19
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

RECEIVED
APR 02 2008
LAW DEPT.

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS ARLEEN CASTROVINCI,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee corporation,<br><br>Defendant. | Case No. C08 01678 VT<br><br>COMPLAINT FOR DISABILITY INSURANCE BENEFITS, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING |

Plaintiff PHYLLIS ARLEEN CASTROVINCI alleges as follows:

**PARTIES**

1. Plaintiff is, and at all times mentioned in this Complaint has been, a citizen of the State of California and a resident of Santa Clara County, California.

2. Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("PROVIDENT") is now, and at all times mentioned in this Complaint has been, a corporation incorporated under the laws of the State of Tennessee, having its principal place of business in 1 Fountain Square, Chattanooga, Tennessee 37402.

///

///

///

1

COMPLAINT FOR DISABILITY INSURANCE BENEFITS, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

## JURISDICTION

3. The jurisdiction of this court over the subject matter of this action is based on Title 28 of United States Code section 1331. This Complaint is to recover benefits due under the terms of an ERISA Plan.

## VENUE

4. The claim for recovery of disability payments arose in this District.

## FIRST CAUSE OF ACTION

### [Breach of Contract]

5. Plaintiff hereby realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 4, inclusive, of its Complaint, as though fully set forth herein.

6. On or about October of 1997, Plaintiff, PHYLLIS ARLEEN CASTROVINCI, began working for Camino Medical Group ("CMG") as a Medical Assistant. As part of her employment with CMG, Plaintiff became an insured under a written policy of disability insurance ("Disability Policy"), policy number 125901-1, issued by Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("PROVIDENT").

7. The Disability Policy provided that if Plaintiff should become disabled while the policy was in force and effect, and if such disability would prevent Plaintiff from performing all of the "important duties" associated with her occupation, PROVIDENT would pay Plaintiff the agreed monthly benefits for her occupation.

8. In 1992, Plaintiff was first diagnosed with Multiple Sclerosis.

9. On or about February 5, 2005, Plaintiff's Multiple Sclerosis first affected her ability to work. Plaintiff was required to take leave from CMG in February 2005 after no longer being able to continue in her normal occupation.

10. As her disability continued, Plaintiff's leave from CMG was extended numerous times. After extending Plaintiff's leave from August 2005 to February 17, 2006 and finally to April 30, 2006, CMG terminated Plaintiff's employment on June 7, 2006.

///

*[Handwritten margin note: 1992 M.S. 2/05]*

2

COMPLAINT FOR DISABILITY INSURANCE BENEFITS, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

11.    On or about September 25, 2005, Plaintiff submitted a Long Term Disability Claim to PROVIDENT pursuant to the Disability Policy, and has otherwise performed all of the terms and conditions of the Disability Policy on her part to be performed.

12.    PROVIDENT approved Plaintiff's request for benefits on January 23, 2006 and initially began making disability payments.

13.    On September 26, 2007, PROVIDENT informed Plaintiff that it would stop paying benefits to Plaintiff because it determined that she should be able to perform three other "sedentary," non-medical occupations, despite Plaintiff's doctor's determination that Plaintiff was disabled and unable to return to work, and without ever examining Plaintiff.

14.    As of September 2007, PROVIDENT has refused to pay, and continues to refuse to pay, monthly benefits to Plaintiff pursuant to the Disability Policy.

15.    Plaintiff appealed the decision on November 28, 2007, within the 180-day window provided by the Disability Policy. Pursuant to the Disability Policy, PROVIDENT must respond to an appeal within 45 days unless it is determined that special circumstances require an extension of time for another 45 days. On January 11, 2008, PROVIDENT determined it needed an additional 45 days within which to respond to Plaintiff's appeal. However, as of the filing of this Complaint, PROVIDENT failed to provide any response.

16.    As a legal result of PROVIDENT'S breach of contract and failure and refusal as herein alleged, Plaintiff has been damaged in an amount according to proof, together with interest thereon at the legal rate from the date payment should have been paid under the terms of the policy, until paid.

WHEREFORE, Plaintiff prays for judgment against PROVIDENT as hereinafter set forth.

## SECOND CAUSE OF ACTION
### [Breach of Covenant of Good Faith and Fair Dealing]

17.    Plaintiff hereby realleges and incorporates by this reference, each and every allegation contained in Paragraphs 1 through 16, inclusive, of its Complaint, as though fully set forth herein.

*[handwritten margin notes: "11/28/07", "> 44 days", "(+45)", "2/25"]*

18. The Disability Policy contains a duty of good faith and fair dealing between PROVIDENT and Plaintiff.

19. PROVIDENT'S construction of the terms of the Disability Policy to prevent Plaintiff from obtaining the benefits of the policy is a breach of the covenant of good faith and fair dealing. PROVIDENT, in bad faith, denied all benefits to Plaintiff, despite Plaintiff's treating physician determining that she is disabled and without ever examining Plaintiff. PROVIDENT also failed to respond to Plaintiff's appeal in a timely manner, breaching the covenant of good faith and fair dealing.

20. As a direct and legal result of PROVIDENT'S breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount according to proof, together with interest thereon at the legal rate from the date payment should have been paid under the terms of the policy, until paid.

WHEREFORE, Plaintiff prays for judgment against PROVIDENT as follows:

### PRAYER

1. For damages consisting of monthly benefit payments from September 2007 through date of judgment, together with interest;
2. For continued benefits according to the Disability Policy;
3. For attorneys' fees;
4. For costs of suit incurred herein; and
5. For such other and further costs as the court deems just and proper.

Dated: March 27, 2008        MILLER, MORTON, CAILLAT & NEVIS, LLP

By: _____
DAVID I. KORNBLUH
Attorneys for Plaintiff PHYLLIS ARLEEN CASTROVINCI

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.NewLitigationLibrary:33861.1

4

COMPLAINT FOR DISABILITY INSURANCE BENEFITS, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING