DAVID I. KORNBLUH, ESQ., SBN 162310
AUTUMN E. CASADONTE, ESQ., SBN 242887
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110-1339
Telephone: (408) 292-1765
Facsimile: (408) 436-8272
dik@millermorton.com
aec@millermorton.com

Attorney for Plaintiff
PHYLLIS ARLEEN CASTROVINCI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS ARLEEN CASTROVINCI,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee corporation,<br><br>Defendant. | Case No.: C08-01678 JW<br><br>PLAINTIFF PHYLLIS ARLEEN CASTROVINCI'S OPPOSITION TO MOTION TO DISMISS COMPLAINT<br><br>Date: September 22, 2008<br>Time: 9:00 a.m.<br>Dept.: 8 |

## I.

## INTRODUCTION

Plaintiff PHYLLIS ARLEEN CASTROVINCI'S March 27, 2008 Complaint for Disability Insurance Benefits, Breach of Contract and the Breach of Good Faith and Fair Dealing ("Complaint") states facts that support a valid Employee Retirement Income Security Act ("ERISA") claim and the Complaint provides fair notice to Defendant of the claim being alleged. Therefore, Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY'S ("Defendant" or "PROVIDENT") Motion to Dismiss should be denied.

///

///

///

1

PLAINTIFF PHYLLIS ARLEEN CASTROVINCI'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

## II.

## STATEMENT OF FACTS

On or around October of 1997, Plaintiff began working for Camino Medical Group ("CMG") as a Medical Assistant. Complaint, ¶6. As part of her employment with CMG, Plaintiff became an insured under a written policy of disability insurance ("Disability Policy"), issued by Defendant. Complaint, ¶6. The Disability Policy provided that if Plaintiff should become disabled while the policy was in force and effect, and if such disability would prevent Plaintiff from performing all of the "important duties" associated with her occupation, Defendant would pay Plaintiff the agreed monthly benefits for her occupation. Complaint, ¶7.

In 1992, Plaintiff was first diagnosed with Multiple Sclerosis. Complaint, ¶8. In early February 2005, Plaintiff's Multiple Sclerosis began to affect her ability to work and, as a result, Plaintiff was required to take leave from CMG. Complaint, ¶9. As her disability continued, Plaintiff's leave from CMG was extended multiple times. Complaint, ¶10. After extending Plaintiff's leave from August 2005 to February 17, 2006 and finally to April 30, 2006, CMG terminated Plaintiff's employment on June 7, 2006. Complaint, ¶10.

On September 25, 2005, Plaintiff submitted a Long Term Disability Claim to Defendant pursuant to the Disability Policy. Complaint, ¶11. Defendant approved Plaintiff's request for benefits on January 23, 2006 and initially began making disability payments. Complaint, ¶12. Eight months later, Defendant informed Plaintiff that it would cease paying benefits to Plaintiff. Complaint, ¶13. Defendant claimed that Plaintiff should be able to perform "sedentary," non-medical occupations, despite Plaintiff's doctor's determination that Plaintiff was disabled and unable to return to work, and without ever examining Plaintiff. Complaint, ¶13.

As of September 2007, Defendant has refused to pay, and continues to refuse to pay, monthly benefits to Plaintiff pursuant to the Disability Policy. Complaint, ¶14. On November 28, 2007, Plaintiff appealed Defendant's benefit termination decision within the 180-day window described in the Disability Policy. Complaint, ¶15. According to the terms of the Disability Policy, Defendant had 45 days to respond to Plaintiff's appeal, absent special circumstances requiring an additional 45-day extension. Complaint, ¶15. On January 11, 2008,

Defendant determined it needed an additional 45 days to respond to Plaintiff's appeal. Complaint, ¶15. Defendant failed to respond and on March 27, 2008, Plaintiff filed a Complaint for Disability Insurance Benefits, Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing after Defendant failed to respond to her appeal for disability benefits.

## III.
## LEGAL ARGUMENT

### A. Legal Standard

It is a well accepted rule that "a complaint should not be dismissed for failure to state a claim <u>unless it appears beyond doubt</u> that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (emphasis added), citing *Leimer v. State Mutual Life. Assur. Co.*, 108 F.2d 302 (1940); *Dioguardi v. Durning*, 139 F.2d 774 (1944); *Continental Collieries v. Shober*, 130 F.2d 631 (1942). Dismissal of a complaint is proper only where there is a "lack of a cognizable legal theory or an absence of facts showing a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). In addition, a court must consider a complaint in its entirety when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *See, e.g. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, U.S., 127 S. Ct. 2499, 2509 (2007).

There is no technical form required of a federal pleading. *See,* Fed. R. Civ. P. 8. As such, Federal Rule of Civil Procedure, Rule 8 inherently contains a "powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Therefore, unless it is impossible to identify facts in the complaint that would make out a claim, a complaint should not be dismissed.

### B. Regardless of the Labels Given to Plaintiff's Legal Theories in Her Complaint, the Complaint States a Valid Claim Upon Which Relief Can Be Granted

A complaint "should not be dismissed if it states a claim under <u>any legal theory</u>, even if the plaintiff erroneously relies on a different legal theory" than the one stated in the complaint. *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985)

(emphasis added), *citing United States v. Howell*, 318 F.2d 162, 166 (9th Cir. 1963). More importantly, a complaint is considered sufficient if it provides a defendant "fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007), *citing Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). Thus, as long as notice of the claim being alleged in the Complaint is provided to Defendant, a Motion to Dismiss should not be granted.

Defendant contends in its Memorandum of Points and Authorities in Support of Motion to Dismiss ("Motion to Dismiss") that Plaintiff's Complaint must be dismissed because the causes of action labeled "Breach of Contract" and "Breach of the Covenant of Good Faith and Fair Dealing" are state law causes of action and are preempted by ERISA. Motion to Dismiss, p. 1-2, lines 21-2. However, this argument fails to address the fact that Plaintiff's Complaint states facts that constitute a cognizable claim and provides sufficient notice of the claim to Defendant. Notwithstanding Plaintiff's legal theories bearing state law cause of action names in her Complaint, the substance of the legal theories asserted and the claims made within the Complaint give Defendant fair notice that Plaintiff alleges she was wrongfully denied benefits and the grounds upon which Plaintiff's claims are based.

Defendant's own Motion to Dismiss characterizes and acknowledges the "wrongful denial of benefits" claim in Plaintiff's Complaint. Motion to Dismiss, p.5, lines 19-20. This restatement of Plaintiff's claim indicates that Defendant has sufficient notice of Plaintiff's claim, as required by Federal Rule of Civil Procedure, Rule 8. Despite the labels assigned to the causes of action in Plaintiff's Complaint, the actual legal theories advanced in the body of Plaintiff's Complaint are sufficiently detailed and provide Defendant with notice of the claims being alleged and the facts in support of Plaintiff's claims.

Because pleadings must be construed liberally and in favor of the pleader (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)) and because Plaintiff's Complaint alleges sufficient facts to put Defendant on notice of the claims being alleged, the Complaint does not fail to state a claim upon which relief may be granted. Therefore, Defendant's Motion to Dismiss should be denied.

4
PLAINTIFF PHYLLIS ARLEEN CASTROVINCI'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

### a. Plaintiff Has Stated a Valid Cause of Action Based on ERISA

Title 29 of United States Code Service Section 1132, subd. (a)(1)(B), grants an ERISA plan participant the power to bring a civil action "to recover benefits" due under an ERISA plan, as well as clarify and enforce rights guaranteed by the plan. 29 U.S.C. §1132(a)(1)(B). In her Complaint, Plaintiff clearly states that she became a participant in an ERISA-based Disability Policy when she was hired as an employee of Camino Medical Group in 1997. Complaint, ¶6. In addition, Plaintiff's Complaint details Defendant's refusal to continue to pay disability benefits to Plaintiff after September 26, 2007. Complaint, ¶¶13-15. Plaintiff's Complaint also requests damages, i.e. "to recover benefits," based on Defendant's denial of benefits under the Disability Policy. Complaint, ¶16. Having directed her allegations of wrongful denial of benefits toward Defendant, an ERISA plan provider, Plaintiff has met the requisite elements for an ERISA claim and has provided adequate notice of such claims to Defendant. Evidence of Plaintiff giving proper notice to Defendant of her ERISA-based claim even appears in Defendant's own Motion to Dismiss. Defendant's Motion to Dismiss states that Plaintiff has alleged a "wrongful denial of benefits" (Motion to Dismiss, p. 5, lines 19-20) stemming from a group disability policy issued by Defendant that Plaintiff enrolled in as an employee of CMG (Motion to Dismiss, p. 3, lines 6-8). Because Plaintiff has made out a valid claim under ERISA and has adequately notified Defendant of such claim, Defendant's Motion to Dismiss should be denied.

### C. Plaintiff's Claims Are Not Preempted by ERISA Simply Because They Use State Cause of Action Labels

Defendant contends that Plaintiff has not properly named the causes of action she alleges, so Plaintiff's wrongfully-labeled claims prevent her from making a valid claim under ERISA. Motion to Dismiss, p. 4, lines 11-13. Because the content of Plaintiff's claims, and not the title of her claims, govern whether Plaintiff's Complaint is sufficient to withstand a motion to dismiss, Defendant's motion must be denied because the substance of Plaintiff's Complaint states a valid claim under ERISA.

///

Defendant is correct in its assertion that state law causes of action that conflict with

ERISA are preempted by the federal preemption doctrine. 29 U.S.C. §1144. However, a cause of action that is labeled with a state court name, but that properly makes out a valid claim under ERISA is not "preempted." Plaintiff's Complaint alleges, and Defendants acknowledge, that Plaintiff's Disability Policy is governed by ERISA (Motion to Dismiss, p. 2, lines 9-10). Because Plaintiff's Disability Policy is governed by ERISA, her state law-labeled causes of action are not "preempted," but are instead characterized by the court. *See, Clorox Co. v. U.S. Dist. Court for Northern Dist. of California*, 779 F.2d 517 (9th Cir. 1985) (employee who neglected to make claims under ERISA, but filed a claim in state court against her employer for "wrongfully and maliciously" denying her employment benefits had claims reclassified by court as arising under ERISA.)

Even when a plaintiff uses state court labels for its causes of action and neglects to ever mention "ERISA" in a complaint for wrongful denial of ERISA benefits, a court can characterize plaintiff's action as one for denial of ERISA benefits. *Ibid.* In addition, technical pleading errors, such as failing to name the allegedly offending pension plan as a defendant, will not preclude a plaintiff's complaint for benefits due under an ERISA plan. *Yeseta v. Baima*, 837 F.2d 380 (9th Cir. 1988) (plaintiff who sued employer and company officers for profit-sharing plan benefits, but neglected to list profit-sharing plan as a party was not precluded from pursuing claim because "the [profit-sharing] Plan was sufficiently identified in the body of the complaint..."). Therefore, simply because Plaintiff labeled the causes of action in her Complaint with state cause of action titles does not mean that they are "preempted" by ERISA. The substance of Plaintiff's allegations in her Complaint make out a valid ERISA claim upon which relief may be granted. As such, Defendant's Motion to Dismiss should be denied.

### b. Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing Allegation Put Defendant on Notice of ERISA-Based Bad Faith Claim Justifying an Award of Attorneys' Fees

Title 29 of United States Code Section 1132, subd. (g)(1), gives a court discretionary power to award attorneys' fees following an action based on wrongful denial of ERISA benefits. 29 U.S.C. §1132(g)(1). In order to determine whether attorneys' fees are warranted, a court typically weighs five factors, including "...the degree of the opposing parties' culpability

or bad faith..." *Elliott v. Fortis Benefits Ins. Co.*, 337 F.3d 1138 (9th Cir. 2003), *citing Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). Plaintiff alleges a Breach of the Covenant of Good Faith and Fair Dealing in her Complaint to put Defendant on notice that Plaintiff believes Defendant's denial of disability benefits to be in bad faith. As a result, Plaintiff's Complaint not only notified Defendant of Plaintiff's wrongful denial of benefits claim, but also put Defendant on notice that Plaintiff may be entitled to attorneys' fees based on an allegation of bad faith. Because Plaintiff's Complaint has adequately notified Defendants of the nature of Plaintiff's claims and of the potential exposure to attorneys' fees in this action, Defendant has not been prejudice and its Motion to Dismiss should be denied.

## IV.

## CONCLUSION

Plaintiff PHYLLIS ARLEEN CASTROVINCI'S Complaint is sufficiently detailed to give adequate notice to Defendant of the claims being alleged and the basis for the claims. This fact is illustrated by Defendant's proper characterization of Plaintiff's claim in its Motion to Dismiss. Despite containing state law-labeled legal theories, Plaintiff's Complaint supports a valid ERISA claim and provides fair notice to Defendant of the claim being alleged. Therefore, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

Dated: August 28, 2008          MILLER, MORTON, CAILLAT & NEVIS, LLP


                                By:   /s/
                                      AUTUMN E. CASADONTE
                                      Attorneys for Plaintiff PHYLLIS ARLEEN
                                      CASTROVINCI

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.NewLitigationLibrary:37602.1

PLAINTIFF PHYLLIS ARLEEN CASTROVINCI'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT